## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK DIVISION

JONATHAN GOULD,

      Plaintiff,

    vs.

JPMORGAN CHASE BANK, N.A.,
JPMORGAN CHASE, and
CORPORATIONS 1-10,

      Defendants.

Case No.: 2:21-cv-04663-KM-ESK

**STIPULATED ORDER**

**WHEREAS**, on May 12, 2023, defendant, JPMorgan Chase Bank, N.A. ("Chase"), filed a motion for summary judgment pursuant to Fed. R. Civ. Proc. Rule 56 (the "Motion");

**WHEREAS**, on May 15, 2023, plaintiff, Jonathan Gould ("Gould") filed a letter respectfully requesting an adjournment of the Motion to July 3, 2023, which was granted by Memo Endorsed Letter Order, dated May 16, 2023; and

**WHEREAS**, on June 15, 2023, Chase filed a letter requesting an adjournment of the Motion to July 17, 2023 and an extension of Chase's time to file its reply papers to July 10, 2023, which request remains pending;

**IT IS HEREBY STIPULATED AND AGREED** by and between Chase and Gould through their undersigned counsel, as follows:

1.    Chase's Statement of Undisputed Material Facts, attached hereto as Exhibit "A", shall be filed along with this Proposed Stipulated Order, and shall be deemed as having been submitted as of May 12, 2023, simultaneously with the Motion.

2.      Gould may file a responsive statement of material facts, pursuant to Local Civ. Rule

56.1, on or before June 26, 2023, but shall not file any further papers in opposition to the Motion.

3.      Chase may file its reply in further support of the Motion on or before July 10, 2023.

4.      This Stipulation may be executed in counterparts, by facsimile, or by an electronic

copy sent by e-mail transmission.

5.      Electronic signatures shall have the same force and effect as originals.


STEVEN J. ZWEIG, ESQ.                    SHERMAN ATLAS SYLVESTER &
*Attorney for Plaintiff*                 STAMELMAN LLP
                                         *Attorneys for Defendant*
                                         *JPMorgan Chase Bank, N.A.*


By: /s *Steven J. Zweig*_____         By: /s/ *Tyler J. Kandel*_____
          Steven J. Zweig                          Tyler J. Kandel

    180 Glenridge Avenue                     210 Park Avenue, 2nd Floor
    Montclair, New Jersey 07042              Florham Park, New Jersey 07932
    862-220-8791                             973-302-9700
    stevenjzweiglaw@gmail.com                tkandel@shermanatlas.com


Dated: June 16, 2023                     Dated: June 16, 2023

                                         **SO ORDERED:**


                                          */s/ Edward S. Kiel*
                                         _____
                                         HON. EWDARD S. KIEL
                                         United States Magistrate Judge
                                         Date: June 20, 2023

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| JONATHAN GOULD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,<br>JPMORGAN CHASE & CO., and<br>CORPORATIONS 1-10,<br><br>　　　　　Defendants. | Case No.: 2:21-cv-04663 -KM-ESK |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), by its undersigned attorneys, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1, hereby respectfully submits this Statement of Material Facts Not In Dispute:

**Background**

1.　　Dr. Carol Gould, who is plaintiff Jonathan Gould's mother, maintained bank and credit card accounts with Chase. [Complaint,[1] at ¶ 8].

2.　　Plaintiff, Jonathan Gould ("Plaintiff"), who possessed a durable power of attorney ("POA") from Dr. Gould, was an authorized user on his mother's Chase accounts. [*Id.,* at ¶¶ 9-11].

---

[1] The Complaint, dated February 4, 2021, is annexed to the Declaration of Tyler J. Kandel, Esq., dated May 12, 2023, (the "Kandel Decl." as Exhibit"1". All references to "Exhibit _" herein refer to exhibits to the Kandel Decl.

3.      On March 25, 2014, Chase's internal Global Security and Investigations Department ("GS&I") was notified of suspected elder financial exploitation of Dr. Gould by Plaintiff. [Exhibit "12" at p. 2].

4.      A summary of GS&I's investigation is contained in the report of Walter G. Carroll, Vice President, Investigative Services Division, Global Security and Investigations Department (the "Carroll Report").  [*See* Exhibit "12"].

5.      The Essex County Prosecutor's Office (the "ECPO") reviewed the Carroll Report, and thereafter issued a Complaint-Summons charging Plaintiff with second-degree theft by unlawful taking, dated February 13, 2015.  [*See* Complaint, at ¶ 33].

6.      Subsequently, a detective from the ECPO visited Dr. Gould and spoke to her in person. [Complaint, at ¶ 37].

7.      Following the detective's conversation with Dr. Gould, the charges against Plaintiff were dismissed on or about March 15, 2015.  [*Id.*, at ¶ 39].

### The ECPO Action

8.      On January 6, 2017, Plaintiff commenced a lawsuit against the ECPO, Detective Robert O'Neal, Sergeant John Campo and Assistant Prosecutor Robert Grady, who were involved in Plaintiff's arrest and prosecution (the "ECPO Action", entitled *Gould v. O'Neal et al,* Case No. 2:17-cv-100-JMB-JBC).  [*See* Exhibit "3"].

9.      In the ECPO Action, Plaintiff asserted causes of action for false arrest and malicious prosecution, alleging that the defendants therein should be held liable to Plaintiff on grounds arising out of the same alleged facts and circumstances presented in this Action.  [*See* Exhibit "3", Complaint at ¶¶ 48-72, Amended Complaint at ¶¶ 50-74].

10.     On July 31, 2021, the ECPO defendants filed a motion for summary judgment to dismiss the Complaint in the ECPO Action. [*See* Kandel Decl., at ¶ 8].

11.     In its February 7, 2022 Opinion, the Court in the ECPO Action found that probable cause existed for the charges filed against Plaintiff by the ECPO and dismissed the counts for false arrest and malicious prosecution.  [*See* Exhibit "6", at 17].

12.     Plaintiff appealed the ECPO Court's decision to the Third Circuit Court of Appeals. [*See* Exhibit "7"]. On December 16, 2022, the Third Circuit Court of Appeals affirmed the grant of summary judgment and dismissal of the complaint in the ECPO Action. [*See* Exhibits "7," "8"].

13.     In its decision, the Third Circuit Court of Appeals found that, "[v]iewing the evidence in the light most favorable to Gould, the Officers had probable cause sufficient to conclude that Gould had committed an offense." [Exhibit "8," at 4].

14.     The Third Circuit continued, stating that "[b]ecause the Officers had probable cause, Gould cannot press claims for false arrest or malicious prosecution." [*Id.*].

**Plaintiff Received the Carroll Report in 2018, During Discovery in the ECPO Action**

15.     On September 26, 2018, Plaintiff received a copy of the Carroll Report via email from Plaintiff's counsel in the ECPO Action, David Shanies, Esq.  [*See* Exhibit "9"].

16.     In the September 26, 2018 email, Mr. Shanies advised Plaintiff that "[w]e have received the document production for [ECPO] … Please take a look at your convenience and let's discuss once you've processed them a bit."  [*Id.*].

17.     Mr. Shanies further stated in the September 26, 2018 email, that "[i]t appears that we have a report created by [Chase] in connection with their investigation and referral to authorities." [*Id.* ].

18.     The "report" referenced in Mr. Shanies' September 26 email is the Carroll Report, which was identified by Plaintiff in his Amended Privilege Log as Nos. 1935-1975 and described as "[n]on-privileged portions of the Prosecutor's file from ECPO; previously produced to Chase as Pa-820 to Pa-860." [Exhibit "10"].

19.     In addition, Mr. Shanies' time records produced in this Action show that, on September 28, 2018, Mr. Shanies discussed with Plaintiff the "ECPO Document Production" – which included the Carroll Report. [Exhibit "11"].

20.     Mr. Shanies' time records also indicate that he had extensive knowledge of the Carroll Report and Chase's communications with the ECPO, including but not limited to the Carroll Report, more than two years prior to commencement of this Action. [*See* Exhibits "11," "12," and "13"].

21.     According to Mr. Shanies' time records, on November 8, 2016, Mr. Shanies reviewed "JPMorgan Chase documents" in preparation of the complaint in the ECPO Action. [Exhibit "11"].

22.     On November 27, 2018, Mr. Shanies wrote a letter to Chase's in-house counsel regarding Chase's response to Gould's subpoena and provided a copy of the Carroll Report – "29 pages of documents that Chase sent to the ECPO on or about May 22, 2014, concerning its investigation into my client, Mr. Gould, and his mother, Carol Gould." [Exhibit "12"].

23.     On January 29, 2019, in his Declaration field in support of Plaintiff's motion to compel Chase to produce documents in the ECPO Action, Mr. Shanies stated that "[t]he ECPO documents demonstrate ECPO investigators had no information about the Gould investigation other than that received from Chase."  [Exhibit "13," at ¶ 7].

Dated: May 12, 2023

SHERMAN   ATLAS   SYLVESTER   &
STAMELMAN, LLP


By: ___ /s/ *Tyler J. Kandel* _____
    Tyler J. Kandel
    Lauren C. Watson
    210 Park Avenue – Suite 200
    Florham Park, New Jersey 07932
    (973) 302-9700
    *Attorneys for Defendant*
    *JPMorgan Chase Bank, N.A.*